**FILED**

May 05, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____NM_____
                                    DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **ALIANNYS ROSA-MARIN,** | § | |
| **Petitioner,** | § | |
| **v.** | § | **CIVIL NO. SA-26-CV-1690-OLG** |
| **MIGUEL VERGARA** *et al.*, | § | |
| **Respondents.** | § | |

**O R D E R**

Pending before the Court is Petitioner Aliannys Rosa-Marin's Petition for Writ of Habeas Corpus (Dkt. No. 1), to which Respondents filed a response (Dkt. No. 7). After careful consideration, the Petition (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE**, as it is not yet ripe for review.

Based on the record, Petitioner is a citizen of Cuba, who entered the United States without inspection on September 10, 2025. *See* Dkt. No. 7-2 at 1. Upon her apprehension, Petitioner was placed in removal proceedings. *Id.* On February 24, 2026, Petitioner was ordered removed from the United States. *See* Dkt. No. 7 at 4. On March 13, 2026, Petitioner initiated this habeas action seeking her release from custody. *See* Dkt. No. 1 at 9. On March 19, 2026, Petitioner appealed the order of removal to the BIA. *See* Dkt. No. 7 at 4.

Under Article III's case-or-controversy requirement, a case must be "ripe" for review—i.e., "not dependent on 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Trump v. New York*, 592 U.S. 125, 131 (2020) (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)). The Court construes the Petition as challenging Petitioner's post-final order of removal detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001). *See* Dkt. No. 1. However, Petitioner timely appealed the removal order to the BIA, *see* Dkt. No. 7 at 4, and,

therefore, she is not yet subject to a final order of removal. *See* 8 C.F.R. § 1241.1 (providing that an order of removal becomes final upon the "dismissal of an appeal by the Board of Immigration Appeals"). Accordingly, any challenge to Petitioner's post-final order of removal detention is not yet ripe for review, as it is contingent on the resolution of her appeal, which is presently pending before the BIA. *See, e.g., Quilter v. Holder*, No. 09-18, 2009 WL 10714964, at *1 (S.D. Tex. June 26, 2009) ("The presumptively reasonable period of detention has not even begun because there is no final order of removal. Until the expiration of that time-period, Quilter's detention is not ripe for review under *Zadvydas*." (citation modified)), *R. & R. adopted*, 2009 WL 10714965 (S.D. Tex. Aug. 11, 2009); *Doyduk v. Mayorkas*, No. 24-CV-150, 2024 WL 2758725, at *1–2 (W.D. La. May 6, 2024) (same), *R. & R. adopted*, 2024 WL 2750032 (W.D. La. May 29, 2024).[1]

For the foregoing reasons, the Petition (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE**.

This case is **CLOSED**.

**IT IS SO ORDERED**.

**SIGNED** on May _____, 2026.

_____
ORLANDO L. GARCIA
UNITED STATES DISTRICT JUDGE

---

[1]To the extent Petitioner challenges her pre-final order of removal detention under *Zadvydas*, that challenge is without merit. As the Fifth Circuit recently admonished, *Zadvydas* "has no direct application to aliens who are detained and being given due process during removal proceedings." *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 508 (2026).